1  Howard I. Camhi (SBN 149194)
   **ERVIN COHEN & JESSUP LLP**
2  9401 Wilshire Boulevard, Ninth Floor
   Beverly Hills, California 90212-2974
3  Telephone (310) 273-6333
   Facsimile (310) 859-2325
4
   Attorneys for MICHAEL ALPER
5

6

7

8              **UNITED STATES BANKRUPTCY COURT**

9       **CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION**

10

11  In re                                )   CASE NO. 1:06-bk-10733-GM
                                         )   Chapter 7
12  MERIDIAN HEALTH CARE                 )
    MANAGEMENT, INC.,                    )
13                                       )   [CAPTION CONTINUED ON NEXT
              Debtor.                    )   PAGE]
14  _____    )

IDOCS:13501.3:865781.1

|  |  |
|---|---|
| MICHAEL ALPER,<br><br>    Plaintiff,<br><br>v.<br><br>MIDCOAST CARE, INC., a California Corporation, DOLORES ROSS, an individual, BARBARA CHEEVER, an individual, DANIEL MUNOZ, an individual, KAREN CALLOWAY, an individual, SCOTT HILINSKI, an individual, CHISHOLM PARTNERS IV, LP, a Delaware limited partnership, FLEET EQUITY PARTNERS VI, LP, a Delaware limited partnership, KENNEDY PLAZA PARTNERS II, LLC a Delaware limited liability corporation, FLEET VENTURE RESOURCES, INC., a Rhode Island corporation, NAUTIC PARTNERS, LLC, a Delaware Corporation, CHISHOLM MANAGEMENT IV, L.P. a Delaware corporation [sic], E4E, Inc. a Delaware Corporation, SOMSHANKAR DAS, an individual, MURRALI RANGARAJAN, an individual, GEOFF SMYTH, an individual and DOES 1-1000, inclusive,<br><br>    Defendants. | Adv No.<br><br>**NOTICE OF REMOVAL TO THE UNITED STATES BANKRUPTCY COURT [28 U.S.C. § 1452(a), Fed. R. Bankr. P. 9027(a) and Local Bankruptcy Rule 9027-1]**<br><br>[RE: *Midcoast Care, Inc., a California Corporation v. Michael Alper, an individual, etc. et al*, California Superior Court, County of Santa Barbara (Cook Division) case number 1273644]<br><br>(All process and pleadings from the underlying case to be filed under separate cover)<br><br>Date:    NO HEARING REQUIRED<br>Time:    NO HEARING REQUIRED<br>Crtrm.:   303 |

**TO THE CLERK OF THE UNITED STATES BANKRUPTCY COURT:**

PLEASE TAKE NOTICE that Michael Alper (hereinafter, "Alper"), by and through his counsel, hereby files this Notice of Removal pursuant to 28 U.S.C.§ 1452(a), Federal Rule of Bankruptcy Procedure 9027(a) and Local Bankruptcy Rule 9027-1. Alper hereby removes to the United States Bankruptcy Court, Central District of California, San Fernando Valley Division, all claims and causes of action in the civil action styled:

> *Midcoast Care, Inc. v. Michael Alper, etc. et al*, California Superior Court, County of Santa Barbara, case number 1273644 (hereinafter, the "State Court Action").

The grounds for removal are as follows:

1.  A Second Amended Complaint in the State Court Action (hereinafter, the "Complaint"), initially filed on February 13, 2009, by Midcoast Care, Inc. against Michael Alper,

Dolores Ross, Barbara Cheever, Daniel Munoz, Karen Calloway, Scott Hilinksi, Chisholm Partners IV, LP, Fleet Equity Partners VI, LP, Kennedy Plaza Partners II, LLC, Fleet Venture Resources, Inc. Nautic Partners, LLC, Chisholm Management IV, LP, E4E, Inc., Somshankar Das, Murrali Rangarajan and Geoff Smyth alleges causes of action sounding in 1) Breach of Fiduciary Duty; 2) Breach of Fiduciary Duty; 3) Conversion; 4) Constructive Fraud; 5) Fraud – Intentional Misrepresentation; 6) Money Had and Received, and 7) Intentional Interference with Contractual Relations.

2. The gravamen of the Complaint appears to be that the debtor's predecessor, Medical Management Associates (hereinafter, "MMA") had a written management services agreement wherein MMA agreed to manage the finances and contracts with insurance companies for all medical services performed by Midcoast's physicians and to perform certain reporting to Midcoast. According to the Complaint, MMA stood in a fiduciary capacity and owed such duties to Midcoast.

3. According to the Complaint, the Debtor, Meridian Health Care Management, Inc., was formed for the purpose of assuming MMA's business, including its obligations to Midcoast under the written management services agreement between MMA and Midcoast. The Complaint further alleges that Meridian, through the efforts of the named defendants, including but not limited to Alper, engaged in various schemes which resulted in monetary losses suffered by Midcoast. Accordingly, Midcoast seeks to recover its losses from, among others, Alper.

4. Importantly, Midcoast has also filed a proof of claim in the amount of $5,508,432.79 against the Meridian bankruptcy estate (See Claim Number 57-1) seeking to recover under whatever distribution may be made in Meridian's bankruptcy case.

5. Prior to the filing of the Complaint, on May 16, 2006, Meridian filed its voluntary petition under Chapter 7. Alper is informed and believes that the pending bankruptcy, without relief from stay, prevents Midcoast from naming the Debtor, Meridian, as a defendant in its action. A review of the Complaint, however, (along with Midcoast's Proof of Claim) reveals that Midcoast is seeking to recover damages against Meridian and others for Meridian's actions related to Midcoast.

6.    Alper asserts this removal is timely pursuant to Rule 9027(a)(3) because the State Court Action was served upon Alper no earlier than March 2, 2009 and this Notice of Removal is being filed within thirty (30) days of service.

7.    Alper alleges that the State Court Action is likely to be resolved, in substantial part, in Debtor's bankruptcy proceeding. The Debtor has previously alleged that its claims against it former officers and directors, as well as its claims for reimbursement of insurance, are assets of the estate. Declarations regarding coverage for Director and Officer Insurance claims may have a significant effect on the administration of the bankruptcy estate. Alper has previously requested and received relief from stay in "third party" lawsuits against him (i.e. where the Plaintiff is not the Trustee) and is seeking coverage from the applicable policy for a defense and coverage of Midcoast's alleged damages.

8.    Pursuant to this Notice of Removal, Alper removes the State Court Action. Alper alleges the State Court Action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(O). Alternatively, if this matter is not considered to be a core proceeding, Alper alleges this Court has "related to" jurisdiction to hear the State Court Action. In this instance, Alper does not consent to entry of final orders in this matter.

9.    This Notice of Removal shall be accompanied by a copy of process and pleadings in the State Court Action in accordance with Local Bankruptcy Rule 9027-1(d)(2)(A).

10.    The State Court Action, including all claims and causes of actions asserted therein, is a civil actions other than a proceeding before the United States Tax Court and is not civil actions by a governmental unit to enforce such governmental unit's police or regulatory power. The State Court Action is of a civil nature over which the Bankruptcy Court has jurisdiction in that it is related to the Debtor's Chapter 7 case which is now pending. See 28 U.S.C. § 1334.

**NOW, THEREFORE,** all parties to the State Court Action are hereby notified pursuant to Fed. R. Bankr. P. 9027(c), as follows:

A.    Removal of the State Court Action is effected upon the filing of this Notice of Removal with the Clerk of the Court for the United States Bankruptcy Court, Central District of California. The State Court Action is removed from the Superior Court to the Bankruptcy Court

ERVIN COHEN & JESSUP LLP

1  as of the date stamped by the Court in the upper right-hand corner of this first page.

2       B.    The parties to the State Court Action shall proceed no further in the Superior Court

3  unless and until the State Court Action is remanded by the Bankruptcy Court.

4  DATED: March 25, 2009         ERVIN COHEN & JESSUP LLP

By: /s/ Howard Camhi
HOWARD I. CAMHI
Attorneys for MICHAEL ALPER