1  WILLIAM A. OKERBLOM  (SBN 236053)
   JOHN J. MENDOZA (SBN 177591)
2  THE LAW OFFICES OF WILLIAM A. OKERBLOM
   800 S. Broadway St., Suite 203
3  Santa Maria, CA 93454
   (805) 478-6570
4  FAX (866) 317-4919

FILED
MAY - 5 2009
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                  Deputy Clerk

5  Attorneys for Adversary Defendant MIDCOAST CARE, INC.

6

7

8             UNITED STATES BANKRUPTCY COURT

9   CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION

10

11 | In Re:                                    ) Case No. 1:06-bk-10733-GM
   | **MERIDIAN HEALTH CARE**                  )
12 | **MANAGEMENT, INC.,**                     )
   |                               Debtor.     ) **Chapter 7**
13 |                                           )
   | _____ )
14 | MICHAEL ALPER                             ) Adv. No. 09-01101
   |                               Plaintiff,  )
15 |   v.                                      )
   | MIDCOAST CARE, INC., a California         ) **ANSWER OF MIDCOAST CARE,**
16 | Corporation; DOLORES ROSS, an individual; ) **INC. TO NOTICE OF REMOVAL TO**
   | DANIEL MUNOZ, an individual; KAREN        ) **THE UNITED STATES**
17 | CALLOWAY, an individual; SCOTT HILINSKI.  ) **BANKRUPTCY COURT [28 U.S.C. §**
   | an individual; CHISHOLM PARTNERS IV, LP,  ) **1452(a), Fed.R. Bankr.P. 9027(a) and**
18 | a Delaware limited partnership; FLEET EQUITY) **LBR 9027-1] BY ALPER**
19 | PARTNERS VI, LP, a Delaware limited       )
   | partnership; KENNEDY PLAZA PARTNERS II,   ) Date:   NO HEARING REQUIRED
20 | LLC, a Delaware limited liability corporation;) Time:   NO HEARING REQUIRED
   | FLEET VENTURE RESOURCES, INC, a Rhode     ) Crtrm:  303
21 | Island corporation; NAUTIC PARTNERS, LLC, )
22 | a Delaware Corporation; E4E, INC, a Delaware)
   | Corporation headquartered in California;   )
23 | CHISHOLM MANAGEMENT IV, L.P, a            )
24 | Delaware corporation; SONSHANK DAS, an    )
   | individual; MURRALI RANGARAJAN, an        )
25 | individual; GEOFF SMYTH, an individual; and)
   | DOES 1-1000, inclusive,                   )
26 |                               Defendants. )

27

28

# ORIGINAL

- 1 -

ANSWER TO NOTICE OF REMOVAL TO THE UNITED STATES BANKRUPTCY COURT

Defendant Midcoast Care, Inc. (Hereinafter "Midcoast" or "Defendant") answers the above-captioned adversary complaint (Notice of Removal to the United States Bankruptcy Court [28 U.S.C. § 1452(a), Fed.R.Bankr.P. 9027(a) and LBR 9027-1]) (Hereinafter "Notice of Removal"), filed by Michael Alper (Hereinafter "Plaintiff"), as follows:

## LIMITED GENERAL DENIAL

Defendant Midcoast denies each and every allegation contained in the Notice of Removal except those expressly admitted below:

1. Defendant admits the allegations contained in Paragraph 1 of the Notice of Removal.

2. Defendant admits the allegations contained in Paragraph 4 of the Notice of Removal.

3. Defendant admits the allegations contained in Paragraph 6 of the Notice of Removal.

4. Defendant admits in part the allegations contained in Paragraph 10 of the Notice of Removal, namely that the State Court Action is a civil action other than a proceeding before the United States Tax Court and is not civil actions by a governmental unit to enforce such governmental unit's police or regulatory power. Defendant denies all other allegations contained in Paragraph 10.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant asserts that the Court lacks subject matter jurisdiction of the matter, as all the claims asserted in the State Court Action are non-core to the Meridian Bankruptcy proceeding and do not meet the requirements for "related to" jurisdiction.

### SECOND AFFIRMATIVE DEFENSE

Defendant asserts that all claims asserted against all the defendants in the State Court Action are the result of fraud, were ultra vires, were committed for private benefit, and were neither committed for Meridian's benefit, nor within the scope of Meridian's legitimate activities.

ANSWER TO NOTICE OF REMOVAL TO THE UNITED STATES BANKRUPTCY COURT

**THIRD AFFIRMATIVE DEFENSE**

Defendant asserts that all claims asserted in the State Court Action are the result of unlawful activities, and not within the scope of Meridian's lawful activities.

**PRAYER**

**WHEREFORE,** Defendant Midcoast prays as follows:

1. That the court grant Defendant Midcoast's Motion for Abstention and remove the Adversary Proceeding Adv. No. 09-01101 back to the Santa Barbara County Superior Court;

2. That Plaintiff take nothing by reason of its Adversary Complaint and judgment be rendered in favor of Defendant;

3. That Defendant be awarded his costs of suit incurred in defense of this action; and

4. For such other relief as the Court deems proper.

Respectfully submitted,

LAW OFFICES OF WILLIAM A. OKERBLOM

Dated: May 5, 2009

By: William A. Okerblom
Attorney for Adversary Defendant,
MIDCOAST CARE, INC.

**ANSWER TO NOTICE OF REMOVAL TO THE UNITED STATES BANKRUPTCY COURT**